J-S26016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JONES | |
| Appellant | No. 3291 EDA 2014 |

Appeal from the Judgment of Sentence entered November 28, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0015505-2008

BEFORE: OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:            **FILED FEBRUARY 13, 2017**

Appellant, Anthony Jones, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County ("trial court") entered on November 28, 2011.  Counsel has filed an amended brief[1] under ***Anders v. California***, 386 U.S. 738 (1967), and petitioned to withdraw as counsel, alleging that this appeal is wholly frivolous.  Upon review, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the procedural background of the case in its Rule 1925(a) opinion, which reads:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court denied counsel's first application to withdraw as counsel for failure to comply with ***Anders*** and its progeny. ***Commonwealth v. Jones***, No. 3291 EDA 2014, unpublished memorandum, at 5 (Pa. Super. filed June 20, 2016).

The relevant facts regarding the instant appeal are as follows: On September 26, 2011, Appellant Anthony Jones [] was found guilty in a waiver trial before the Honorable Ellen Ceisler and was convicted of [p]ossession of a [f]irearm [p]rohibited. On November 28, 2011, Judge Ceisler sentenced Appellant to a term of between three and one half to seven years of imprisonment. On July 9, 2012, Appellant filed a timely *pro se* petition under the Post Conviction Relief Act. Appellant was assigned a new court appointed attorney, [present counsel], who filed an entry of appearance on May 3, 2013.

On March 6, 2014, Appellant filed an Amended Petition pursuant to the Post Conviction Relief Act. On October 30, 2014, Judge Ceisler reinstated Appellant's appeal rights *nunc pro tunc*. On October 31, 2014, [the trial court] entered an order, pursuant to Pa.R.A.P. 1925(b)(1), instructing Appellant to file a concise statement of errors complained of on appeal no later than twenty-one days after Appellant received notice of said order.

Appellant failed to file such a concise statement within the required twenty-one days; however, on February 24, 201[5], [c]ounsel for Appellant did file an untimely statement, pursuant to Pa.R.A.P. 1925(c)(4), indicating his intent to file an **Anders/McClendon**[2] brief[.]

Trial Court Opinion, 4/29/14, at 1-2 (footnotes omitted). Counsel filed his first **Anders** brief on September 18, 2015, along with an application to withdraw as counsel. On June 20, 2016, this Court denied counsel's application and remanded for the filing of an amended brief pursuant to **Anders** or an advocate brief.

Counsel filed an amended **Anders** brief and application to withdraw as counsel on July 19, 2016. The Commonwealth requested, and this Court

_____

[2] **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

- 2 -

granted, multiple extensions to file a brief. On December 19, 2016, the Commonwealth filed a letter in lieu of a brief.

On appeal, Appellant raises one issue: "Were any meritorious issues properly raised or preserved in this appeal?" *Anders* Brief at 7.

Before this Court can review the merits of the underlying issues, we must first address counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In order for court-appointed counsel to withdraw, counsel must

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (quoting *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005)).

Counsel's amended application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his *Anders* brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention in a letter attached to his application

to withdraw.  Accordingly, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Next, this Court must first address whether counsel's *Anders* brief satisfies the following substantive requirements:

(1)  provide a summary of the procedural history and facts, with citations to the record;

(2)  refer to anything in the record counsel believes arguably supports the appeal;

(3)  set forth counsel's conclusion that the appeal is frivolous; and

(4)  state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In his *Anders* brief, counsel has included a statement of the case, including a procedural history of the case along with citations to the record. *Anders* Brief at 8.  Counsel has complied with the first requirement.

The second requirement of an *Anders* brief is to reference anything in the record that counsel believes arguably supports the appeal.  *See Santiago*, 978 A.2d at 361.  Here, counsel raises one issue, an ineffective assistance of counsel claim.[3]  Counsel, therefore, has satisfied the second *Anders* requirement.

---

[3] Counsel's brief raises six instances of ineffective assistance of counsel; however, we will treat these instances as one claim.

The third element of **Anders** requires counsel to state his conclusion that the appeal is frivolous, and the fourth element requires counsel to state his reasons for his conclusion. **See id.** Counsel's brief concludes that the appeal is frivolous and provides his reasoning for such conclusion; therefore, counsel has complied with the final two prongs of **Anders**.

As we find that counsel has satisfied the procedural requirements for a petition to withdraw, complied with the briefing requirements, and advised Appellant of his right to retain substitute counsel or to proceed *pro se*, we must next address the merits of Appellant's claims.

Appellant's sole claim is trial counsel ineffectiveness for having

(a)  failed to properly investigate the case,

(b)  failed to file a motion to make a substantial preliminary showing that the Appellant was entitled to an in camera or evidentiary hearing or both on whether the witnesses mispresented [*sic*] or invented information that they supplied,

(c)  failed to file a discovery motion,

(d)  failed to file a suppression motion regarding the firearm,

(e)  failed to object to the Commonwealth's motion to amend information to include the date of 2/15/18 [sic], and

(f)  fail[ed] to request fingerprint analysis of the firearm.

**Anders** Brief at 10. The "general rule of deferral to PCRA review remains the pertinent law on the appropriate timing of review of claims of ineffective assistance of counsel." **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013). In **Holmes**, our Supreme Court noted only two exceptions to this

general rule. The first exception recognizes that "there may be an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration or relief is warranted." *Id.* at 577. The second exception provides that trial courts have discretion, upon good cause shown, if there are multiple or prolix claims of counsel ineffectiveness, and the defendant expressly waives PCRA review. *See id.* at 563-64.

Upon review we find the claim raised by counsel in the *Anders* brief to be frivolous. In the matter *sub judice*, the trial court would have been required to supplement the record to determine whether the motions should have been filed; therefore, the first *Holmes* exception is inapplicable. *Id.* at 577. Moreover, the second *Holmes* exception is inapplicable as Appellant did not assert good cause or expressly waive his right to PCRA review. *Id.* at 563-64.

After satisfying the technical requirements of *Anders* and *Santiago*, it is incumbent upon this Court to "conduct an independent review of the record to discern if there are any additional non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted). Upon review of the record, we do not discern any non-frivolous issues that Appellant could have raised.

We therefore, grant counsel's application to withdraw and affirm the judgment of sentence.

Counsel's application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017